**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND, | ) ) ) | |
| | ) | CASE NO.:  19-CV-1809 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE: |
| | ) | |
| AMERICAN STEELWORKS, INC., an Illinois corporation; and AMERICAN STEEL FABRICATORS, INC., an Illinois corporation, | ) ) ) ) ) | MAG. JUDGE: |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND ("PENSION FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants AMERICAN STEELWORKS, INC. ("AMERICAN STEELWORKS") and AMERICAN STEEL FABRICATORS, INC. ("AMERICAN STEEL FABRICATORS"), and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. 29 U.S.C. §§ 1132 and 185.  The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and/or 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PENSION FUND, the Structural Iron Workers Local Union No. 1 Welfare Fund, the Structural Iron Workers Local Union No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's

Retraining Fund, the National I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively "TRUST FUNDS") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## **PARTIES**

3.      The TRUST FUNDS have been established pursuant to collective bargaining agreements entered into between Local Union No. 1 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, AFL-CIO ("LOCAL 1") and the Associated Steel Erectors of Chicago, Illinois ("Principal Agreement"), and therefore are multi-employer plans under 29 U.S.C. §1002.

4.      The TRUST FUNDS are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

5.      The PENSION FUND is required to receive, hold and manage all monies required to be contributed to the TRUST FUNDS and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the TRUST FUNDS and LOCAL 1 required under the Principal Agreement.

6.      The Defendant AMERICAN STEELWORKS is an Illinois Corporation that maintained its principle place of business in Melrose Park, Illinois.

7.      LOCAL 1 was the bargaining representative for the bargaining unit employees that were employed by AMERICAN STEELWORKS.

8.      The Defendant AMERICAN STEEL FABRICATORS is an Illinois Corporation with its principal place of business located in Melrose Park, Illinois.

## FACTS COMMON TO ALL COUNTS

9.  Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. AMERICAN STEELWORKS was an employer engaged in an industry affecting commerce which agreed to be bound by the provisions of the Principal Agreement. (Principal Agreement is attached as **Exhibit 1**); (Compliance Agreement is attached as **Exhibit 2**).

11. Through the Principal Agreement, AMERICAN STEELWORKS agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter the "Trust Agreements").

12. Pursuant to the Principal Agreement and Trust Agreements, AMERICAN STEELWORKS was required to make monthly reports of hours worked by covered employees and pay contributions to the PENSION FUND at the negotiated rate. The monthly reports and contributions were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Principal Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the PENSION FUND on a timely basis are responsible for the payment of liquidated damages equal to twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14.     Pursuant to the Principal Agreement, AMERICAN STEELWORKS is required to deduct union wage assessments from its employees' paychecks and remit payments of those deductions to the PENSION FUND.

15.     Pursuant to the Principal Agreement, AMERICAN STEELWORKS is required to defer $4.00 per hour from each of its bargaining-unit employees' hourly wage and pay said deferral to a vacation savings account. The PENSION FUND serves as the collection agent for the vacation deferrals.

16.     AMERICAN STEELWORKS was incorporated on October 1, 2004.

17.     AMERICAN STEELWORKS allegedly ceased operating in or around May 2013.

18.     On March 14, 2014, the Secretary of State formally dissolved AMERICAN STEELWORKS' corporate status.

19.     AMERICAN STEEL FABRICATORS is a non-union company that was incorporated on June 20, 2005 and is still operating today as the disguised continuance of AMERICAN STEELWORKS.

## COUNT I
## SINGLE EMPLOYER LIABILITY

20.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-19 of this Complaint with the same force and effect as if fully set forth herein.

21.     AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS simultaneously operated out of the same address at 1985 Anson Drive, Melrose Park, Illinois 60160.

22.     Employees of both AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS have performed the same type of work – steel erection work.

23.  Terry Stoll is an AMERICAN STEEL FABRICATORS employee who communicated with the Plaintiff's auditor regarding a payroll compliance audit using an AMERICAN STEEL FABRICATORS email address, tstoll@amsteelfabricators.com.

24.  The President of AMERICAN STEELWORKS is Lori Parker-Psenick.

25.  The President of AMERICAN STEEL FABRICATORS is Mary Ann Parker.

26.  Upon information and belief, Lori Parker Psenick and Mary Ann Parker are members of the same family.

27.  Upon information and belief, AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS share customers.

28.  Upon information and belief, AMERICAN STEELWORKS' employees have been paid out of the bank account of AMERICAN STEEL FABRICATORS.

29.  AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS share employees.

30.  Upon information and belief, AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS share vehicles.

31.  AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS are a "single employer" due to their interrelation of operations, common management, centralized control over labor operations and common ownership.

32.  Due to their "single employer" relationship, AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS are jointly and severally bound to the terms of the Principal Agreement and, as a result, AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS are jointly and severally liable for any contributions and dues assessments

they should have remitted on behalf of their bargaining-unit employees along with any resulting liquidated damages and interest.

33.    Plaintiff has been required to employ the undersigned attorneys to collect the monies that are due and owing from AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS.

34.    Plaintiff has complied with all conditions precedent in bringing this suit.

35.    AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS are jointly obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiff prays:

A.    That this Court enter an Order in favor of the Plaintiff and against AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS holding that AMERICAN STEEL FABRICATORS is "single employer" with AMERICAN STEELWORKS;

B.    That this Court enter an Order holding that as a "single employer" AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS are jointly bound to the terms of the Principal Agreement, including but not limited to the obligation to pay contributions to the TRUST FUNDS for each hour worked by their bargaining-unit employees;

C.    That an Order be entered requiring AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS to submit to a payroll compliance audit by the Plaintiff's auditor for the period of June 20, 2005 through present;

D.    That Judgment be entered in favor of Plaintiff and against Defendant AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS, jointly and severally, for all amounts

revealed by the payroll compliance audit as due and owing to the TRUST FUNDS, including but not limited to contributions and wage deductions, and any resulting liquidated damages and interest;

E.      That Judgment be entered in favor of Plaintiff and against Defendants AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS, jointly and severally, for any and all attorneys' fees and costs incurred by the Plaintiff in bringing this suit pursuant to the Principal Agreement, the Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D);

F.      That this Court enter an Order requiring AMERICAN STEEL FABRICATORS to comply with all terms of the Principal Agreement, including but not limited to the submission of monthly contribution remittance reports and payments in a timely manner; and

G.      That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendants' cost pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## ALTER EGO LIABILITY

36.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-35 of this Complaint with the same force and effect as if fully set forth herein.

37.     AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS simultaneously operated out of the same address at 1985 Anson Drive, Melrose Park, Illinois 60160.

38.     Employees of both AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS have performed the same type of work – steel erection work.

39.     Terry Stoll is an AMERICAN STEEL FABRICATORS employee who communicated with the Plaintiff's auditor regarding a payroll compliance audit using an AMERICAN STEEL FABRICATORS email address, tstoll@amsteelfabricators.com.

40.     The President of AMERICAN STEELWORKS is Lori Parker-Psenick.

41.     The President of AMERICAN STEEL FABRICATORS is Mary Ann Parker.

42.     Upon information and belief, Lori Parker Psenick and Mary Ann Parker are members of the same family.

43.     Upon information and belief, AMERICAN STEELWORKS employees were paid out of the bank account belonging to AMERICAN STEEL FABRICATORS.

44.     Upon information and belief, AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS shared employees and those common employees continue to work for AMERICN STEEL FABRICATORS today.

45.     Upon information and belief, AMERICAN STEEL FABRICATORS performed work covered under the Trade and Geographic Jurisdiction of the Principal Agreement for former customers of AMERICAN STEELWORKS.

46.     Upon information and belief, AMERICAN STEELWORKS transferred its vehicles to AMERICAN STEEL FABRICATORS after it ceased operating.

47.     While they operated simultaneously, AMERICAN STEEL FABRICATORS was the non-union side of AMERICAN STEELWORKS and recognition of AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS would sanction a fraud or promote injustice in that AMERICAN STEELWORKS would be permitted to escape its contractual and financial obligation to the Plaintiff while still operating as AMERICAN STEEL FABRICATORS.

48.     AMERICAN STEEL FABRICATORS was the non-union arm of AMERICAN STEELWORKS until it ceased operating and continues to be the disguised continuance of AMERICAN STEELWORKS through present.

49.    Plaintiff has been required to employ the undersigned attorneys to collect the monies that are due and owing from AMERICAN STEEL FABRICATORS.

50.    Plaintiff has complied with all conditions precedent in bringing this suit.

51.    AMERICAN STEEL FABRICATORS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).


**WHEREFORE**, Plaintiff prays:

A.    That this Court enter an Order holding that AMERICAN STEEL FABRICATORS is the alter ego of AMERICAN STEELWORKS and is liable to the TRUST FUNDS for all debts and obligations of AMERICAN STEELWORKS;

B.    That an Order be entered requiring AMERICAN STEEL FABRICATORS to submit to a payroll compliance audit by the TRUST FUNDS' auditor for the period of June 20, 2005 through Present;

C.    That Judgment be entered in favor of Plaintiff and against Defendants AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS, jointly and severally, for all amounts revealed by the payroll compliance audit to be due and owing to the TRUST FUNDS;

D.    That Judgment be entered in favor of Plaintiff and against Defendant AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS, jointly and severally, for all amounts revealed by the payroll compliance audit as due and owing to the TRUST FUNDS, including but not limited to contributions and wage deductions, and any resulting liquidated damages and interest;

E.     That Judgment be entered in favor of Plaintiff and against Defendants AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS, jointly and severally, for any and all attorney's fees and costs incurred by Plaintiff in bringing this suit pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

F.     That this Court enter an Order requiring AMERICAN STEEL FABRICATORS to comply with all terms of the Principal Agreement, including but not limited to the submission of monthly contribution remittance reports and payments in a timely manner; and

G.     That Plaintiff have such other and further relief as the Court may deem just and equitable all at the Defendant AMERICAN STEEL FABRICATORS cost pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT III
## SUCCESSOR LIABILITY

52.    Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-51 of this Complaint with the same force and effect as if fully set forth herein.

53.    AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS simultaneously operated out of the same address at 1985 Anson Drive, Melrose Park, Illinois 60160.

54.    Employees of both AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS have performed the same type of work – steel erection work.

55.    Terry Stoll is an AMERICAN STEEL FABRICATORS employee who communicated with the Plaintiff's auditor regarding a payroll compliance audit using an AMERICAN STEEL FABRICATORS email address, tstoll@amsteelfabricators.com.

56.    The President of AMERICAN STEELWORKS is Lori Parker-Psenick.

57.    The President of AMERICAN STEEL FABRICATORS is Mary Ann Parker.

58.     Upon information and belief, Lori Parker Psenick and Mary Ann Parker are members of the same family.

59.     Upon information and belief, AMERICAN STEELWORKS employees were paid out of the bank account of AMERICAN STEEL FABRICATORS.

60.     Upon information and belief, AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS shared customers while they both operated.

61.     Upon information and belief, AMERICAN STEELWORKS transferred employs to AMERICAN STEEL FABRICATORS following its alleged cessation of operations and said employees currently perform work for AMERICAN STEEL FABRICATORS.

62.     Upon information and belief, AMERICAN STEEL FABRICATORS' employees perform work covered under LOCAL 1's Trade and Geographic Jurisdiction as defined in the Principal Agreement for former customers of AMERICAN STEELWORKS.

63.     Upon information and belief, AMERICAN STEELWORKS transferred its vehicles to AMERICAN STEEL FABRICATORS after it ceased operating.

64.     AMERICAN STEEL FABRICATORS has continued the operations of AMERICAN STEELWORKS from the date it ceased operating through present.

65.     AMERICAN STEEL FABRICATORS is the successor of AMERICAN STEELWORKS, and is directly liable to the Plaintiff for the contractual and financial obligations of AMERICAN STEELWORKS.

66.     As the successor, AMERICAN STEEL FABRICATORS is bound by the terms of the Principal Agreement, including the obligation to pay contributions on behalf of its employees working in covered employment.

67.   Plaintiff has been required to employ the undersigned attorneys to collect the monies that are due and owing from AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS.

68.   Plaintiff has complied with all conditions precedent in bringing this suit.

69.   AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).


**WHEREFORE**, Plaintiff prays:

A.   That this Court enter an Order in favor of the Plaintiff and against AMERICAN STEELWORKS and AMERICAN STEEL FABRICATORS holding that AMERICAN STEEL FABRICATORS is the successor of AMERICAN STEELWORKS;

B.   That this Court enter an Order requiring AMERICAN STEEL FABRICATORS to submit to a payroll compliance audit by the TRUST FUNDS' auditor from the date AMERICAN STEELWORKS ceased operating through present;

C.   That Judgment be entered in favor of Plaintiff and against Defendant AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS, jointly and severally, for all amounts revealed by the payroll compliance audit as due and owing to the TRUST FUNDS, including but not limited to contributions and wage deductions, and any resulting liquidated damages and interest;

D.   That Judgment be entered in favor of Plaintiff and against Defendants AMERICAN STEEL FABRICATORS and AMERICAN STEELWORKS, jointly and severally, for any

and all attorneys' fees and costs incurred by the Plaintiff in bringing this suit pursuant to

the Principal Agreement, the Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D);

E.    That this Court enter an Order holding that AMERICAN STEEL FABRICATORS is the

successor of AMERICAN STEELWORKS, and that as the successor, AMERICAN

STEEL FABRICATORS is required to comply with all of its obligations pursuant to the

Principal Agreement and Trust Agreements, including but not limited to the timely

payment of contributions and wage deductions;

F.    That this Court enter an Order requiring AMERICAN STEEL FABRICATORS to comply

with all terms of the Principal Agreement, including but not limited to the submission of

monthly contribution remittance reports and payments in a timely manner; and

G.    That Plaintiff has such other and further relief as the Court may deem just and equitable all

at the Defendant AMERICAN STEEL FABRICATORS cost pursuant to 29 U.S.C.

§1132(g)(2)(E).

Respectfully Submitted,

/s/ Matthew D. Grabell – 6312929
One of Plaintiff's Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5469
grabell@johnsonkrol.com